IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.          Case No. 13-10112-12-JWB

GERALD WILSON,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for early termination of supervised release. (Doc. 799.) The United States Probation Office and the United States Attorney have informed the court that they oppose the motion. For the reasons indicated herein, the motion is DENIED.

### I. Background and Standard

Defendant was charged with and pled guilty to possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1). (Doc. 472.) On July 20, 2017, he was sentenced to 70 months to be followed by a four-year term of supervised release. (Doc. 491.) On August 11, 2020, Defendant's motion for compassionate release was granted and Defendant's sentence was reduced to time served and his term of supervised release was unchanged. (Doc. 752.) Defendant has now served approximately two years of his four-year term and moves for early termination of supervised release.

The court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §

3583(e)(1).  Courts are also required by 18 U.S.C. § 3583(e) to consider the following factors set forth in § 3553(a): the nature and circumstances of the offense and the history and characteristics of the defendant; adequate deterrence; protection of the public; the need for effective education, training, care or treatment; the sentencing guideline factors and range in effect at the time of sentencing and any subsequent amendments; the pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and the need to provide victim restitution.  *United States v. Halcrombe*, No. 12-40030-JAR, 2022 WL 1421560, at *2 (D. Kan. May 5, 2022) (citations omitted); *see also United States v. Fykes*, No. 21-1222, 2022 WL 245516, at *2 (10th Cir. Jan. 27, 2022) (discussing that court is required to consider statutory factors when granting a motion for early termination but that it is unclear whether the statute requires explicit considerations of the factors when denying a motion).  Whether to grant a motion to terminate a term of supervised release is a matter of sentencing court discretion.  *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

**II. Analysis**

After considering the relevant factors, the court concludes the motion for early termination of supervised release should be denied.  Defendant asserts that he has met all of the conditions of supervised release, attended therapy, and maintained a steady residence.  Contrary to Defendant's assertion, however, the probation office reports that Defendant has not been at his reported residence when the probation officer has visited which leads the probation officer to believe that Defendant is not residing at that residence.  Moreover, in the last year, Defendant tested positive for amphetamines and opiates without having a valid prescription for either.  Defendant's success in treatment is commendable; but after considering the sentencing factors and Defendant's conduct

on supervised release, the court finds that termination of supervised release is not warranted and is not in the interest of justice.

### III. Conclusion

Defendant's Motion for Early Termination of Supervised Release (Doc. 799) is DENIED.

IT IS SO ORDERED this 23rd day of August, 2022.

___s/ John W. Broomes_____  
JOHN W. BROOMES  
UNITED STATES DISTRICT JUDGE
