IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 13-10112-12-JWB

GERALD WILSON,

    Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for reconsideration of the court's order denying early termination of supervised release. (Doc. 801.) The United States Probation Office opposes the motion and the government has filed a response in opposition (Doc. 802). For the reasons indicated herein, the motion is DENIED.

### I. Background and Standard

Defendant was charged with and pled guilty to possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1). (Doc. 472.) On July 20, 2017, he was sentenced to 70 months to be followed by a 4-year term of supervised release. (Doc. 491.) On August 11, 2020, Defendant's motion for compassionate release was granted and Defendant's sentence was reduced to time served and his term of supervised release was unchanged. (Doc. 752.) On August 11, 2022, Defendant moved for early termination of supervised release after serving approximately two years of his 4-year term. (Doc. 799.) The court denied the motion after finding that early termination was not in the interests of justice and because of Defendant's conduct while on supervised release. (Doc. 800.) Defendant now moves for reconsideration. (Doc. 801.)

The Federal Rules of Criminal Procedure do not authorize a motion for reconsideration. *United States v. Warren*, 22 F.4th 917, 922 (10th Cir. 2022) (citing *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011)).  The Tenth Circuit has nonetheless held that "[m]otions to reconsider are proper in criminal cases." *Id.* (quoting *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).  As *Warren* noted, "[t]he Supreme Court has recognized motions for reconsideration in criminal proceedings at least since *United States v. Healy*," 376 U.S. 75, 77–78 (1964). *Warren*, 22 F.4th at 922 (citation omitted).  The specific grounds which allow granting such motions include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015).  But "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Id.*  Based on Defendant's arguments, it appears that he believes that the court erred in its findings regarding his conduct while on supervised release.

**II. Analysis**

In denying Defendant's motion for early termination of supervised release, the court reviewed the relevant factors under 18 U.S.C. § 3553(a) as required by § 3583(e)(1).  The court found that early termination was not in the interests of justice based on those factors and Defendant's conduct, including that the probation office had concerns about his reported residence and a positive drug test.  (Doc. 800 at 2–3; *see also* § 3583(e)(1) (discussing that a court may terminate a term of supervised release if it is satisfied that such action is warranted by Defendant's conduct and in the interests of judgment)).  In his motion, Defendant argues that the court should reconsider his motion because it erred in the factual recitation of Defendant's conduct.  Defendant first asserts that the probation officer's concern that Defendant does not reside at his alleged

2

residence is unfounded because Defendant does not need to be "stationary" at his residence at all times. (Doc. 801 at 1.) Defendant further argues that his positive drug test for amphetamines should not be considered because he had a prescription for trazodone, which could result in a positive test for amphetamine. In support of this contention, Defendant has attached a doctor's note that states he was prescribed trazodone which **could** produce a positive test; but the physician **could not** verify that this was the reason for Defendant's positive drug test. (*Id.* at 801-1 at 1.) Defendant also asserts that the positive test for opiates should not be considered because the testing and confirmation procedure were compromised. (Doc. 801 at 1.) Defendant provides nothing but mere speculation as to this assertion.

Defendant's arguments are not persuasive and do not support a finding that the court clearly erred in its findings regarding Defendant's conduct while on supervised release. Recently, the probation office has reiterated the concerns that Defendant may not be residing at his reported residence. The probation office has further reported that Defendant has been difficult to supervise and has not shown the cognitive changes to justify early termination. Moreover, the probation office reports that Defendant's risk level recently increased to high during his last assessment. These valid concerns demonstrate that termination of supervised release is not warranted and not in the interests of justice.

### III. Conclusion

Defendant's Motion for Reconsideration (Doc. 801) is DENIED.

IT IS SO ORDERED this 18th day of November 2022.

                                                    ___s/ John W. Broomes_____
                                                  JOHN W. BROOMES
                                                  UNITED STATES DISTRICT JUDGE